```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                      AT BLUEFIELD
```

JOHN CARL BLAYLOCK, JR.,

    Plaintiff,

v.                            CIVIL ACTION NO. 1:21-00127

THE HARTFORD,

    Defendant.


## MEMORANDUM OPINION AND ORDER

On June 9, 2021, the court entered an order directing plaintiff to demonstrate good cause for failure to serve process on defendant within 90 days, as required by Federal Rule of Civil Procedure 4(m).  (ECF No. 5.)  On June 15, 2021, plaintiff responded to the court's order.  (ECF No. 6.)  On September 7, 2021, the court received a letter wherein plaintiff supplemented his response.  (ECF No. 7.)

In his responses to the court's order to show cause, plaintiff offers an apology and an explanation for his failure to effect timely service upon defendant.  His explanation is that he suffers from debilitating depression that makes simple tasks overwhelming for him.  He says that he relies heavily on his girlfriend for assistance and that he has been pursuing treatment aggressively for his depression for many years.

Finally, he says that he is prepared to serve process upon
defendant immediately.[1]

A plaintiff must complete service of process within 90 days
of the filing of the complaint.  Fed. R. Civ. P. 4(m).  If a
plaintiff has not completed service within 90 days, the court
must determine whether the plaintiff has shown good cause for
failing to effect timely service.  Id.  The Fourth Circuit has
explained that "good cause" in the context of Rule 4(m)
"requires some showing of diligence on the part of the
plaintiffs . . . [and] generally exists when the failure of
service is due to external factors, such as the defendant's
intentional evasion of service."  Attkisson v. Holder, 925 F.3d
606, 627 (4th Cir. 2019).  A "plaintiff bears the burden . . .
of demonstrating good cause for any delay."  Iskander v.
Baltimore Cty., Md., 2011 WL 4632504, at *1 (D. Md. Oct. 3,
2011).

Courts often look to several factors to guide their
determination of whether a plaintiff has shown good cause, which
"include whether:  (1) the delay in service was outside the
plaintiff's control, (2) the defendant was evasive, (3) the
plaintiff acted diligently or made reasonable efforts, (4) the

---

[1] Plaintiff appears to be operating under the incorrect
assumption that he needs a favorable ruling before he can
attempt service.

plaintiff is pro se or in forma pauperis, (5) the defendant will be prejudiced, or (6) the plaintiff asked for an extension of time under Rule 6(b)(1)(A)." Scott v. Md. State Dep't of Labor, 673 F. App'x 299, 306 (4th Cir. 2016) (citations omitted). "What constitutes 'good cause' for purposes of Rule 4(m) 'necessarily is determined on a case-by-case basis within the discretion of the district court.'" Collins v. Thornton, 782 F. App'x 264, 267 (4th Cir. 2019) (quoting Scott, 673 F. App'x at 306).

Good cause is a flexible concept that "requires courts to consider all relevant facts and circumstances." Robinson v. G D C, Inc., 193 F. Supp. 3d 577, 580 (E.D. Va. 2016). Nevertheless, inherent in the concept of good cause is "some showing of diligence." Attkisson, 925 F.3d at 627; see also Collins, 782 F. App'x at 267 ("The district court properly reached its conclusion that no good cause was present by considering and analyzing appropriate factors before it bearing on whether Collins's counsel was diligent in his effort to effect service.").

The court sympathizes with plaintiff's battle with depression, but there nevertheless must be some showing of diligence to find good cause. While plaintiff timely responded to the court's order to show cause, he apparently did not make any effort to serve defendant within the 90-day window provided

3

in Rule 4.  The absence of diligence, which is expected of
plaintiff despite his pro se status, forecloses a finding of
good cause here.

Under Rule 4(m), "even if there is no good cause shown
. . . [district] courts have been accorded discretion to
enlarge" the period for service.  Henderson v. United States,
517 U.S. 654, 662 (1996) (quoting Advisory Committee's Notes);
see, e.g., Escalante v. Tobar Constr., Inc., 2019 WL 109369, at
*3 (D. Md. Jan. 3, 2019).[2]

Federal courts have identified several non-exhaustive
factors that guide the discretionary decision of whether to
enlarge the service period.  Such factors include

> (i) the possibility of prejudice to the defendant,
> (ii) the length of the delay and its impact on the
> proceedings, (iii) the reason(s) for the delay and
> whether the delay was within the plaintiff's control,
> (iv) whether the plaintiff sought an extension before
> the deadline, (v) the plaintiff's good faith, (vi) the
> plaintiff's pro se status, (vii) any prejudice to the
> plaintiff, such as by operation of statutes of

---

[2] After the Supreme Court's decision in Henderson, the Fourth
Circuit recognized that district courts have discretion to
"extend[] the time for proper service of process," even absent
good cause.  Scruggs v. Spartanburg Reg'l Med. Ctr., 198 F.3d
237 (4th Cir. 1999).  This reading comports with the plain
language of the 2015 revision to Rule 4(m), which states that a
court "must dismiss the action without prejudice against that
defendant or order that service be made within a specified
time." Fed. R. Civ. P. 4(m) (emphasis added); see Robinson, 193
F. Supp. 3d at 583; see also, e.g., United States v. Woods, 571
U.S. 31, 45 (2013) (recognizing that the word "or" "is almost
always disjunctive" and thus the "words it connects are to 'be
given separate meanings'").

limitation that may bar refiling, and (viii) whether
time has previously been extended.

Robinson, 193 F. Supp. 3d at 580.[3]

The court will address these factors in turn.  First, it
does not appear that defendant would be prejudiced by an
extension of time.  Second, while there has been a significant
delay in service, that is mostly due to plaintiff's apparent
misconception that he needed to await a ruling from the court.
Third, the delay lies squarely within plaintiff's control and
was the fault of plaintiff, but plaintiff states that he was
suffering from debilitating depression, which is a mitigating
factor.  Fourth, plaintiff failed to seek an extension before
the deadline, but he promptly responded to the court's order to
show cause.  Fifth, there is no indication that plaintiff has
acted in bad faith.  Sixth, plaintiff is pro se.  Seventh, it is
unclear whether dismissal here would bar refiling of the action.
And eighth, this is the first extension of time requested.

Under the totality of the circumstances here, a
discretionary enlargement of time is appropriate.  Accordingly,
plaintiff has until December 3, 2021, to serve process on
defendant.

---

[3] Consideration of these factors is not mandatory.  See Collins,
782 F. App'x at 267.

5

The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented parties.

**IT IS SO ORDERED** this 3rd day of November, 2021.

ENTER:

David A. Faber
Senior United States District Judge